﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 190327-76400
DATE: February 26, 2021

REMANDED

Entitlement to an increased rating in excess of 10 percent for bilateral pes planus with bilateral plantar fasciitis is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1984 to January 2009. The rating decision on appeal was issued in December 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Board finds that a remand is warranted to correct a pre-decisional duty to assist error for failure to obtain an adequate VA examination.

During the December 2019 VA examination, the Veteran reported flare-ups that impacted the function of his foot. The VA examiner noted that the Veteran felt “his condition is worsening as well as frequency of flare-ups.” The Veteran reported having functional loss or functional impairment of his bilateral foot. The examiner noted the Veteran’s description of such loss and impairment as “ROM itself contribute to a functional loss and this is due to claimant experiencing moderate pain with movement.” The examiner concluded that there was functional loss at rest and movement during flares and repeated use and that pain limited functional ability during flare-ups and when the foot is used repeatedly over time. 

Clearly flareups are indicated; however, the examiner failed to elicit the necessary information regarding the severity, frequency, duration, or functional loss manifestations. Moreover, the examiner failed to offer a flareup opinion based on direct observation or estimates from relevant sources, including the Veteran’s lay statements describing his functional limitation. Sharp v. Shulkin, 29 Vet. App. 26, 34-35 (2017). 

Given these omissions, the Board finds that the December 2019 VA examination does not comply with the holding in Sharp. As such, a remand is warranted to afford the Veteran a new VA examination.

The matter is REMANDED for the following action:

1. Schedule the Veteran for an in-person examination by an appropriate clinician to determine the current severity of his bilateral pes planus with bilateral plantar fasciitis. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria.

In so doing, the examiner must attempt to elicit information regarding the severity, frequency, characteristics, precipitating and alleviating factors, and duration of any flare-ups, and the degree of functional loss during flare-ups and/or after repeated use over time.

If it is not possible to provide a specific measurement based on direct observation (i.e. examination conducted during a flare-up), the examiner should provide an estimate, if at all possible, of the additional impairment due to flare-ups based on the other evidence of record and the Veteran’s statements. If it is not possible to provide a specific measurement without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

The examination report must include a complete rationale for all opinions expressed

 

K. L. Wallin

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Xiong, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.